# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| "JANE DOE", a pseudonym | CIVIL ACTION NO. |
| Plaintiff, | COMPLAINT 17 1659 |
| vs. | |
| RHODE ISLAND SCHOOL OF DESIGN | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff "Jane Doe", a pseudonym, files this Complaint against Defendant Rhode Island School of Design ("RISD"), arising from RISD's negligent conduct, and alleges as follows:

## I. INTRODUCTION

1. On June 18, 2016, as a result of RISD's failure to protect Jane Doe from known and obvious dangers, including failing to provide her with a door secured by a locking mechanism, a fellow RISD student raped Jane Doe during a RISD study abroad program in Ireland.

## II. THE PARTIES

2. Plaintiff, Jane Doe, is an adult citizen and resident of the Commonwealth of Pennsylvania, who can be contacted through her counsel, Nadeem A. Bezar, Esquire and David C. Williams, Esquire, 1525 Locust Street, the Nineteenth Floor, Philadelphia, Pennsylvania 19102.

3. Plaintiff's name and address are not contained in this Complaint so as to protect the privacy and identity of Jane Doe, who incurred injuries and damages due to Defendant's negligence.

4. Jane Doe's use of this pseudonym is done in good faith in order to avoid humiliation, embarrassment, and additional psychological harm. Plaintiff's identity has been made known to the Defendant by separate communication.

5. Defendant, Rhode Island School of Design (also referred to as "RISD"), is a nonprofit corporation organized and existing under Rhode Island law that provides undergraduate, graduate, professional, and continuing education, which has a registered office address at 2 College Street, Providence, Rhode Island 16802.

6. In or about November 2010, RISD entered into a partnership with "Stitches" Magazine publisher, the Advertising Specialty Institute ("ASI"), to develop "internship and career advancement programs for RISD students in partnership with ASI suppliers and decorators in the [sic] Philadelphia, New York and Providence, Rhode Island." *See* "Stitches Magazine Partners with Rhode Island School of Design's Textile Department," *available at* https://www.asicentral.com/news/press/press-releases/november-2010/stitches-magazine-partners-with-rhode-island-school-of-design39s-textile-department/?alttemplate=PressItemPrint (last accessed Feb. 25, 2017).[1]

## III. JURISDICTION AND VENUE

7. Federal jurisdiction in this action is predicated upon diversity of citizenship under statutory authority of 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to the Court's personal jurisdiction with respect to

---

[1] "In January 2016 Stitches merged with Wearables [magazine] to become one magazine dedicated to the vision of the decorated apparel industry." *See* "Stitches," *available at* https://www.asicentral.com/news/magazines/stitches (last accessed Feb. 25, 2017). ASI is a Pennsylvania corporation with its business address at Bucks County Technology Park, 4800 Street Road, Trevose, Pennsylvania 19053. *See* "ASI - Promotional Products Membership Organization," *available at* http://www.asicentral.com (last accessed Feb. 25, 2017).

2

the civil action in question.

9. For purposes of diversity under 28 U.S.C. § 1332, Defendant is a citizen of the State of Rhode Island and Plaintiff is a citizen of the Commonwealth of Pennsylvania.

## IV. DEFENDANT'S WRONGFUL CONDUCT

10. At all relevant times, Jane Doe was an enrolled student at RISD.

11. At all relevant times, RISD has operated a summer program for its students, "RISD Global," that provides "3-4 week Global Summer Studies courses" in countries including Iceland, Ireland, Italy, Japan, South Africa, and South Korea. *See* RISD, "Global Summer Studies," *available at* http://gpp.risd.edu/summer/ (last accessed Feb. 25, 2017).

12. Between Saturday, June 18, 2016 and Saturday, July 16, 2016, RISD offered a global summer study program in Ireland, entitled "Ireland: Illustrating Myths and Legends in the Burren" (hereinafter "2016 Ireland Program").

13. RISD, by and through its employees, agents, or servants, designed the 2016 Ireland Program.

14. RISD, by and through its employees, agents, or servants, selected the individuals who participated in the 2016 Ireland Program.

15. RISD, by and through its employees, agents, or servants, selected the chaperones who participated in the 2016 Ireland Program.

16. RISD, by and through its employees, agents, or servants, selected the housing used by the individuals participating in the Ireland Program.

17. RISD, by and through its employees, agents, or servants, made the rooming arrangements for the individuals participating in the Ireland Program.

18. On June 18, 2016, Jane Doe and her fellow RISD students arrived in Shannon, Ireland as participants in the 2016 Ireland Program.

19. That evening, Jane Doe and certain of her fellow 2016 Ireland Program participants celebrated the birthday of a fellow participant (the "Perpetrator").

20. Jane Doe, the certain participants, and the Perpetrator drank alcohol.

21. Jane Doe became intoxicated.

22. The Perpetrator escorted Jane Doe to the housing provided by RISD.

23. The Perpetrator left Jane Doe's room at some point.

24. Jane Doe closed the door to her room but was unable to lock or otherwise secure the door because it lacked a lock or latching mechanism.

25. Jane Doe went to bed, alone in her room.

26. Later that evening or early morning, the Perpetrator returned to Jane Doe's room, entered through her unsecure door, and forcibly penetrated her.

27. At no time did Jane Doe consent to sexual intercourse with the Perpetrator.

28. The negligence of Rhode Island School of Design directly and proximately caused Jane Doe to suffer the following injuries:

    a. pain and suffering;

    b. embarrassment and humiliation;

    c. loss of life's pleasures;

    d. mental anguish and distress; and

    e. trauma.

## COUNT I - NEGLIGENCE
### Plaintiff v. Rhode Island School of Design

29. Plaintiff incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

30. The negligence of Rhode Island School of Design, for the conduct of its actual or apparent agents, servants, and/or employees, consists of one or more of the following:

   a. failure to supervise participants in the 2016 Ireland Program;

   b. failure to develop policies and procedures for rooming arrangements requiring at least two participants of the same gender to room together;

   c. failure to develop policies and procedures for the selection of adequate, safe, and secure housing for participants in the 2016 Ireland Program;

   d. failure to select adequate, secure, and safe housing for participants in the 2016 Ireland Program, including Jane Doe;

   e. failure to provide adequate, secure, and safe housing for participants in the 2016 Ireland Program, including Jane Doe.

## COUNT II – PREMISES LIABILITY
### Plaintiff v. Rhode Island School of Design

31. Plaintiff incorporates by reference and re-alleges all paragraphs of this Complaint set forth above as if fully set forth herein.

32. Plaintiff was an invitee on Rhode Island School of Design's premises at all times during the aforementioned rape.

33. Plaintiff was an invitee on premises selected and provided by Rhode Island School of Design at all times during the aforementioned rape.

34. In addition to the derivative and vicarious liability of Rhode Island School of Design for the negligent acts and omissions of its employees, servants, and agents, Rhode Island School of Design further owed a direct and non-delegable duty to Jane Doe as an invitee on its premises.

35. Defendant Rhode Island School of Design failed to take reasonable measures to protect Jane Doe against real, open, and obvious dangers it knew or should have known existed at the housing selected for the 2016 Ireland Program.

36. The negligence of Defendant Rhode Island School of Design, acting by and through its authorized agents, representatives, and employees, consists of the following:

    a. failure to employ competent security personnel;

    b. negligent hiring and/or retention of security personnel;

    c. negligent selection and/or supervision of those who provided security services;

    d. failure to provide Jane Doe with a room with a locking or latching mechanism;

    e. failure to warn 2016 Ireland Program participants, including Jane Doe, that the housing doors were unable to be secured;

    f. failure to institute and/or enforce policies and procedures relating to access and security of the housing utilized for the 2016 Ireland Program.

CLAIM FOR RELIEF

As a direct and proximate result of Defendant's negligence as set forth herein, Jane Doe was caused to suffer the injuries as described above.

WHEREFORE, Plaintiff demands judgment against defendant Rhode Island School of Design upon the claims and causes of action stated above, in excess of $75,000, exclusive of interest and costs, for the amount of Plaintiff's damages to be determined at trial, and for all other and further relief as the Court may deem just and equitable.

Dated this 11th day of April, 2017

Respectfully submitted,

KLINE & SPECTER, P.C.

BY: _____
NADEEM A. BEZAR, ESQUIRE
Nadeem.Bezar@klinespecter.com
Identification No: PA 63577
DAVID C. WILLIAMS, ESQUIRE
David.Williams@klinespecter.com
Identification No: PA 308745
1525 Locust Street, Nineteenth Floor
Philadelphia, Pennsylvania 19102
(215) 772-1000 (tel.)
(215) 772-2472 (fax)
Attorneys for Plaintiff Jane Doe

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

17 1659

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
"Jane Doe", a pseudonym

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nadeem A. Bezar, Esq./ David C. Williams, Esq.
Kline & Specter, P.C.
1525 Locust Street, Philadelphia, PA 19102

**DEFENDANTS**
Rhode Island School of Design

County of Residence of First Listed Defendant  Providence
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 28 U.S.C. § 1391
Brief description of cause:
Negligence and Premises Liability claims arising during study abroad program

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE 04/11/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

APR 11 2017

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**CDJ**

**17  1659**

Address of Plaintiff: c/o Kline & Specter, 1525 Locust Street, Philadelphia, PA 19102

Address of Defendant: 2 College Street, Providence, Rhode Island 16802

Place of Accident, Incident or Transaction: Ireland
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases Negligence and Premises Liability claim
   (Please specify) arising during study abroad program

Nadeem A. Bezar and David C. Williams

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 4/11/17   _____Attorney-at-Law_____   63577/ 308745   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/11/17   _____Attorney-at-Law_____   63577/ 308745   Attorney I.D.#

APR 11 2017

CIV. 609 (5/2012)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| "Jane Doe", a pseudonym | : | CIVIL ACTION |
| v. | : | 17  1659 |
| Rhode Island School of Design | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 4/11/2017 | _[signature]_ | Plaintiff "Jane Doe" |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-772-1000 | 215-735-5827 | David.Williams@klinespecter.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

APR 11 2017