IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| "JANE DOE", a pseudonym | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION NO. 18-10-JJM-LDA |
| RHODE ISLAND SCHOOL OF DESIGN | : | |
| Defendant. | : | |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

### NATURE OF ACTION

I. **BRIEF DESCRIPTION OF THE FACTS**

This action arises from the June 2016 sexual assault of Jane Doe (or "Jane") in her room during a Rhode Island School of Design ("RISD") summer program in Ballyvaughan, Ireland. In spring 2016, then 20-year-old RISD junior Jane Doe signed up to participate in a RISD summer study program entitled "Ireland: Illustrating Myths and Legends in the Burren" (or "2016 Ireland Program"). The 2016 Ireland program was offered between Saturday, June 18, 2016 and Saturday, July 16, 2016. The 2016 Ireland Program provided students the opportunity to learn at the Burren College of Art ("BCA"). Professor Robert Brinkerhoff, assisted by Teaching Assistant / Resident Advisor ("TA/RA") Timothy Blaine, oversaw the 2016 Ireland Program.

The below photograph shows the three houses at the Burren Atlantic Hotel and Holiday Village to which Professor Brinkerhoff assigned Jane and the other RISD students.



Professor Brinkerhoff assigned Jane to a single occupancy room on the second floor of "House 1" (also known as "Building 17"), in mixed-sex housing. Professor Brinkerhoff was concerned that the students might be uncomfortable living with the opposite gender.

At the time he made the student housing assignments, Professor Brinkerhoff "assumed" that students would have the ability to lock their individual doors. However, at no time prior to, or after, arriving in Ireland did Professor Brinkerhoff investigate whether the student rooms could be locked.

Neither Professor Brinkerhoff nor TA/RA Blaine were trained to perform any walkthroughs to check for safety issues with housing. Nor were they given a checklist of items to look for such as the one below:

**Room Condition Reports**

Upon move in, all rooms are expected to be in *"reasonable condition"*. Reasonable condition is defined as a state of functionality which allows a room or space to be used in its intended manner. A room/shared space occupied by students is expected to have:

- Locks which function properly
- All provided furniture in the room and in workable condition
- Walls which are free from major damages or holes, and with paint in good condition
- Flooring/carpeting free of major stains or damage.
- Intact windows and screens with functioning locks
- Drapes/shades which work
- Fire alarms/suppression systems in proper working order
- Mattresses which are free from tears or large stains.
- Working lighting

The students were given a single key to the exterior door to House 1, as shown below.



All of the guest rooms in House 1 contained the same locking mechanism on the interior doors. The following photographs depict the locking mechanism from the front and side.





In order to lock the interior doors—from the inside and outside—one would need a key. Inexplicably, however, RISD failed to ensure that the students received keys to lock their interior doors. At all times, the keys were available to be provided to the students. The below photo shows the interior room keys for House 1 sitting in the windowsill of House 1's boiler room.



Per the proprietor of the Burren Atlantic Hotel and Holiday Village, Kevin O'Callaghan, the bedroom keys were "invariably" left on the window ledge of the boiler room of each house.

On Saturday June 18, 2016, the first night the students arrived, Jane Doe and some of her fellow students went out and celebrated the birthday of a fellow RISD student (the "Perpetrator"). The Perpetrator escorted Jane back to her room. The Perpetrator left Jane's room, as Jane documented in a chat conversation with her friend back in the United States. Jane then went to bed. While Jane was sleeping in bed, the Perpetrator returned to her room, entered through a door Jane was unable to lock, and raped Jane:

> Redacted
> State of Mind, where he is developmentally:
>
> What indicated to you that Redacted wanted to engage in sexual activity?
> Nothing. I have no idea why I did it. I have no idea why I went back into her room. I just generally have no reason whatsoever. Do you remember going back into her room. There are 2 times going into the room. Yes, I remember going into her room. I stated in my case file.

Prior to Jane's assault, RISD had notice that a sexual assault could occur during its study abroad programs. In August 2013, a RISD student was sexually assaulted by a fellow RISD student in RISD accommodations in Rome, Italy under similar circumstances. The assaulted-student RISD described being sexually assaulted when a fellow student entered her room without permission while she lay in bed. RISD performed a Title IX investigation of this assault, and discovered that the student housing was "one building" with "a couple floors." Students of both genders were housed together and were provided bedrooms that did not have locks on the doors:

> PROGRAM -
>   CENCI, ONE BUILDING - A COUPLE
> FLOORS - ESSENTIALLY A LARGE HOUSE
> BEING SHARED. ~~SINGLE~~ BEDROOMS
> W/O LOCKS ON DOORS, SHARED
> KITCHEN & BATH
> ACADEMICS: SHARED CLASSES & STUDIO

RISD, through its agents have admitted RISD's responsibility to ensure the safety of their students during study abroad programs. RISD Executive Director of RISD Global Gwendoline Farrelly testified as follows:[1]

> Q. Is it your understanding that RISD has a responsibility to provide its students participating in abroad programs with safe housing?
>
> MR. RICHARD: Objection to the form. You can answer.
>
> A. It's my understanding that RISD has a responsibility to do all that we can to provide safe and comfortable accommodations for students when they're participating in

---

[1] Ms. Farrelly testified as both a fact witness and a Rule 30(b)(6) witness; RISD designated her as the witness most knowledgeable as to the selection of student housing used for RISD Global students and the inspection of RISD global student housing.

6

> our faculty or -- our off-campus programs that we are running; yes, correct.

RISD Assistant Director of Campus Global Learning Valeria Albani testified as follows:

> Q. Is it your understanding that RISD has a responsibility to provide students with secure housing?
>
> MR. RICHARD: Objection to the form.
>
> A. Yes.
>
> Q. Is it your understanding that RISD has a responsibility to provide students with keys to lock their rooms if those keys are available?
>
> MR. RICHARD: Same objection.
>
> A. Yes.

As a result of her traumatic experience, Jane has been badly psychologically damaged, received extensive counseling, and will require intensive therapy and medication at various stages throughout the rest of her life.

## II. BRIEF ANALYSIS OF THE LAW THAT APPLIES TO THIS CASE

### A. RISD OWED A DUTY TO PLAINTIFF TO EXERCISE REASONABLE CARE IN PROVIDING SECURE HOUSING THE 2016 IRELAND PROGRAM

Plaintiff asserts one remaining claim of negligence against RISD arising from its negligent undertaking of the 2016 Ireland Program, to include:

1. RISD's failure to inspect the premises—including House 1—to ensure the students could lock their doors;

2. RISD's failure to develop, implement, and enforce policies and procedures for the selection of adequate, safe, and secure housing for participants in the 2016 Ireland Program, including Jane Doe; and

3. RISD's failure to train its agents to assess the risks of the 2016 Ireland Program, to include inspecting the premises.

*See, e.g.,* ECF No. 19 at ¶¶ 38-39.

On May 20, 2019, RISD filed a motion for summary judgment that sought to dismiss Plaintiff's negligence claim, arguing in part that RISD owed no duty to Plaintiff to provide her with safe housing during the 2016 Ireland Program. ECF No. 25.

On December 18, 2019, this Court denied RISD's motion for summary judgment as to Plaintiff's negligence claim, holding that RISD owed a duty to Plaintiff. *See* ECF No. 43 at p. 14 ("The Court finds that the relationship between RISD and Ms. Doe gave rise to a duty on the part of RISD to exercise reasonable care in providing secure housing to Ms. Doe for the Ireland Program."); *see id.* ("RISD undertook to arrange for housing for Ms. Doe in Ireland and Ms. Doe reasonably expected that RISD would exercise due care in fulfilling this undertaking.").

RISD did not appeal this Court's December 18, 2019 opinion and order.

**B.  PLAINTIFF'S BURDEN TO PROVE BREACH, CAUSATION, AND DAMAGES**

The remaining issues to be decided at trial are (1) did RISD breach its duty to Plaintiff, ECF No. 14 at p. 14; (2) was there proximate causation between RISD breach and the resulting injury; and (3) did actual loss or damages result. ECF No. 43 at p. 8.

**C.  DEFENDANT'S BURDEN TO PROVE THE PERPETRATOR WOULD HAVE RAPED JANE DOE DESPITE DEFENDANT TAKING REASONABLE STEPS OR THAT THE PERPETRATOR'S ACTIONS CONSTITUTED A SUPERVENING CAUSE**

RISD may assert that the attack occurred despite RISD taking reasonable steps to provide for the safety of its students. RISD may also assert that the Perpetrator's actions constituted a supervening cause of harm. ECF No. 43 at p. 17.

**III.  POTENTIAL EVIDENTIARY ISSUES**

First, Plaintiff anticipates Defendant RISD may seek to offer irrelevant evidence, including evidence or testimony concerning:

1. The landscape of Ballyvaughn and County Claire; and

2. Plaintiff's application to the Fulbright U.S. Student Program in 2020.

These issues are also the subject of motions *in limine* and objections to designations of testimony.

Second, Plaintiff intends to play excerpts of video deposition testimony of RISD Rule 30(b)(6) witnesses and managing agents in her case in chief. RISD may offer some of these individuals during its defense of the case. Plaintiff attaches as **Exhibit A** her deposition designations.

IV.   **LIST OF WITNESSES**

The below witnesses, their order, and approximated length testimony is subject to change depending on the Court's rulings and testimony elicited by prior witnesses:

1. **Kevin O'Callaghan** (Witness) [via video de bene esse deposition]
2. **James Ian McCullins** (Witness) [via video de bene esse deposition]
3. **Timothy Blaine** (Witness) [video deposition-designated segments]
4. **Robert Brinkerhoff** (Witness) [video deposition-designated segments]
5. **Valeria Albani** (Witness) [via video deposition-designated segments]
6. **Gwendoline Farrelly** (Witness) [via video deposition-designated segments]
7. **Jennifer Howley** (Witness) [via video deposition-designated segments]
8. **Sydney Lake** (Witness) [via video deposition-designated segments]
9. **Abraham Lugo** (Witness) [via video deposition-designated segments]
10. **Norman D. Bates** (Expert Witness - Liability) [via video de bene esse deposition]
11. **Robert Brinkerhoff** (Witness) [Live; Mr. Richard has indicated he may call Mr. Brinkerhoff in his case, and has represented that Mr. Brinkerhoff will be available ] (**~1 hour** on direct)
12. **Gwendoline Farrelly** [Live; Mr. Richard has indicated he may call Ms. Farrelly in his case, but in any event, Ms. Farrelly will be available] (**~1 hour** on direct)
13. **William F. Russell, Ph.D.** (Expert Witness - Damages) [live via remote video/Zoom]
14. **Plaintiff Jane Doe** (live in person or via remote video/Zoom)

V.  **ESTIMATED LENGTH OF TRIAL (BASED ON FULL TRIAL DAYS)**

Plaintiff estimates the trial to be complete in approximately five days.

VI.  **OTHER TRIAL MATTERS**

After four years of proceeding as a Jane Doe, Plaintiff is willing to proceed using her name at trial. Counsel would like to discuss how to proceed in light of public access to the proceedings via Zoom.gov.

Respectfully submitted,

*David C. Williams*

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
DAVID C. WILLIAMS, ESQUIRE
**KLINE & SPECTER, P.C.**
1525 Locust St., 19th Floor
Philadelphia, PA 19102
(215) 772-1000

Date:  October 13, 2020  *Attorneys for the Plaintiff*

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on October 13, 2020, he caused a copy of the foregoing to be served via email only upon counsel listed below:

Steven M. Richard, Esquire
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
srichard@nixonpeabody.com


*David C. Williams*
DAVID C. WILLIAMS, ESQUIRE